IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER ETHRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:20-CV-189-KFP |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

On November 9, 2020, the Commissioner filed an Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand to Defendant. Doc. 16. The Commissioner also filed a memorandum in support of the motion, asserting that remand is necessary so the Commissioner may give further consideration to Plaintiff's residual functional capacity, obtain supplemental vocational expert testimony, and resolve any apparent conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles. In addition, the parties consented to entry of final judgment by the United States Magistrate Judge pursuant to 28 U.S.C. 636(c). Docs. 9 and 10.

Sentence Four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial

evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996). In this case, the Court finds reversal and remand necessary, as Defendant concedes reconsideration and further development of the record is required. Doc. 16 at 1–2.  Accordingly, it is

ORDERED that the Commissioner's motion is GRANTED. The decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to 42 U.S.C. § 405(g). It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.,* 454 F3d 1273, 1278 n.2 (11th Cir. 2006), Plaintiff has **90 days** after receipt of notice of an award of past due benefits to seek attorney's fees under 42 U.S.C.§ 406(b). *See also Blitch v. Astrue,* 261 Fed. App'x 241, 241 n.1 (11th Cir. 2008).

A separate judgment will issue.

DONE this 12th day of November, 2020.

 /s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE